IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES D. PRUITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-06-296-T |
| ) | |
| JO ANNE B. BARNHART, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for a review of the decision of the defendant Commissioner of the Social Security Administration denying plaintiff's application for disability benefits. The matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On October 20, 2006 Magistrate Judge Argo filed a Report and Recommendation in which he recommended that the decision of the Commissioner be affirmed. Because plaintiff has timely filed objections to that recommendation, the matter is reviewed *de novo.*

In reviewing the decision, the court may not reweigh the evidence or substitute its judgment for that of the Commissioner; rather, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). Washington v. Shalala, 37 F.3d 1437, 1439-40 (10th Cir. 1994); Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. Castellano, 26 F.3d at 1028. Evidence is not substantial for this purpose if it is

"overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).

In this case, plaintiff contends that the Report and Recommendation should be rejected because the magistrate judge did not adequately consider plaintiff's argument that the Administrative Law Judge ("ALJ") failed to properly consider the medical evidence in the record. Further, plaintiff argues, the magistrate judge made factual findings on behalf of the ALJ.

Plaintiff argues that, pursuant to Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996), the ALJ was required not only to discuss the medical evidence on which she relied in reaching her decision, but also to discuss any "uncontroverted evidence" and "significantly probative evidence" rejected. 79 F. 3d at 1010. Plaintiff acknowledges that the ALJ did discuss the evidence in the file; however, he contends that she erred in failing to identify the weight she assigned to specific evidence. In addition, plaintiff argues, the magistrate judge did not address the requirements of Clifton in his findings. However, plaintiff concedes that the Report and Recommendation contains a detailed discussion of the relevant medical evidence in the record.

The court has reviewed the Report and Recommendation and the decision of the ALJ, giving particular attention to the discussion of the medical evidence. Further, the court has reviewed the medical evidence in the file. As plaintiff acknowledges, the decision of the ALJ contains a very detailed discussion of his medical and psychiatric history, with specific references to numerous instances in which he obtained either medical treatment or psychiatric or psychological evaluation. This discussion comprises the major portion of the 12-page, single-spaced decision. The court has reviewed this portion of the decision in detail and concludes that the ALJ not only summarized plaintiff's medical and mental health history, but evaluated same properly in light of the standards

governing a Social Security disability determination. Contrary to plaintiff's contention, the ALJ did not fail to explain the reasons for her conclusions with regard to the medical and mental treatment, and she explained the reasons for her acceptance or rejection of specific aspects of that history in reaching her decision.

Having fully reviewed the file and the plaintiff's arguments, the court concludes that the ALJ correctly concluded that plaintiff is not eligible for benefits and, furthermore, that she satisfied the requirements of this circuit and the applicable Social Security regulations. Accordingly, the Report and Recommendation [Doc. No. 16] is adopted, and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED this 8th day of December, 2006.

---
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE